PER CURIAM.
The appellants, defendants below, appeal from a final judgment rendered against them without a jury from the Circuit Court of Hillsborough County.
The Cargo Gasoline Company, a Florida corporation, was the plaintiff below, ap-pellee here.
Primo Cimador and Anna M. Cimador were sued as guarantors on a note of M. M. Satterfield against whom a default was entered in the court below.
The complaint filed in the Circuit Court had attached to it as an exhibit an instrument in the following words and figures:
“Dade City, Florida October 7, 1965
“To Whom it may concern:
“We, the undersigned, do hereby authorize Mr. M. M. Satterfield to sign for gasoline and oil products delivered to our station in Dade City.
“We hereby guarantee payment for such products ten (10) days after delivery. Payment to be made to Cargo Gasoline Co., Tampa, Florida.
“These products will be delivered by Cargo Gasoline Company, 2909 Bay to Bay Blvd., Tampa, Florida.
s/ Anna M. Cimador
s/ Primo Cimador.”
This instrument, in effect, guaranteed the account of Satterfield, who was renting a filling station owned by the appellants.
At trial an attempt was made to introduce into evidence the guaranty document, which was objected to, and the trial judge took it under advisement. Apparently the *307 instrument was never again offered in evidence. As a matter of fact, both the appellants and the appellee conceded at oral argument that the guaranty instrument was not introduced into evidence.
Since the instrument referred to was an exhibit attached to the complaint and was the basis of the suit against the appellants, it was error to enter a judgment against the appellants without the guaranty instrument being introduced into evidence. For this reason we are reversing this case for a new trial.
Reversed and remanded.
ALLEN, Acting C. J., PIERCE, J., and RAWLS, JOHN S., Associate Judge, concur.